**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANASTACIO GUEVARA-GUZMAN, | No. 08-71675 |
| Petitioner, | Agency No. A078-923-958 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Anastacio Guevara-Guzman, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except

to the extent that deference is owed to the BIA's determination of the governing

statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).

We review factual findings for substantial evidence. *Barrios v. Holder*, 581 F.3d

849, 854 (9th Cir. 2009). We dismiss in part and deny in part the petition for

review.

The record does not compel the conclusion that Guevara-Guzman

established changed or extraordinary circumstances sufficient to excuse the delay

in filing his asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, we

deny the petition as to Guevara-Guzman's asylum claim.

Substantial evidence supports the agency's denial of Guevara-Guzman's

withholding of removal claim because he failed to establish gang members have

harmed him or will harm him on account of a protected ground. *See Barrios*, 581

F.3d at 856 (evidence supported conclusion that gang victimized the petitioner for

economic and personal reasons rather than on account of a protected ground); *see*

*also Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not

available to victims of civil strife, unless they are singled out on account of a

protected ground."). We lack jurisdiction to consider Guevara-Guzman's

contentions based on being a member of a class of "small merchants" or "small businessmen" and his contentions based on imputed political opinion because he did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, we deny the petition as to Guevara-Guzman's withholding of removal claim.

Finally, Guevara-Guzman fails to raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**